IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN A. REYNOLDS,<br><br>    Plaintiff,<br><br>v.<br><br>The Honorable DEBORAH LEE JAMES, Secretary of the Department of the Air Force,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 1:13-CV-83 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

During all relevant times, Plaintiff was employed by the United States Air Force as an Electronics Systems Mechanic at Hill Air Force Base. Between 2009 and 2011, Plaintiff filed four EEO complaints alleging various Title VII violations.

On January 25, 2013, the Equal Employment Opportunity Commission ("EEOC") Administrative Judge issued a final decision finding that Plaintiff had failed to establish by a preponderance of the evidence that the actions challenged by Plaintiff had been motivated by unlawful discrimination. On March 5, 2013, the Department of the Air Force issued its Final Order fully implementing the EEOC's decision, pursuant to 29 C.F.R. § 1614.110(a).

On March 5, 2013, the Air Force sent copies of the Final Order to both Plaintiff and his former attorney, Randall L. Marshall. Mr. Marshall represented Plaintiff throughout Plaintiff's EEOC proceedings. Plaintiff contends that he terminated his relationship with Mr. Marshall in

1

February 2013.  However, Plaintiff admits that neither he nor Mr. Marshall ever notified the EEOC or the Air Force of this termination.  As of March 5, 2013, the Air Force had not received any notice from either Mr. Marshall or Plaintiff that Mr. Marshall was no longer representing Plaintiff.  The Air Force did not become aware that Plaintiff had retained new counsel until this case was filed on Plaintiff's behalf in June 2013.

The Air Force sent copies of the Final Order to Plaintiff and Mr. Marshall by Federal Express ("FedEx"), designated for standard overnight weekday delivery with adult signature required.  The Air Force received proofs of delivery from FedEx indicating that the packages containing copies of the Final Order had been delivered to Plaintiff's home and to the office of Mr. Marshall on March 6, 2013.

Plaintiff has no personal knowledge about the delivery of the FedEx package to Mr. Marshall's office, but he does not deny that the package was delivered on March 6, 2013, as indicated on the proof of delivery.

Plaintiff admits that a copy of the Final Order was delivered by FedEx to his home address, and that the FedEx proof of delivery bears his wife's signature.  However, Plaintiff denies that the FedEx package was delivered to his home on March 6, 2013.  Plaintiff filed his Complaint on June 6, 2013.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  In considering whether a genuine dispute of material fact exists, the Court determines whether a

---

[1] Fed. R. Civ. P. 56(a).

reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

### III. DISCUSSION

Under Title VII, a federal employee has 90 days from receipt of a final agency decision to file suit in district court.[4] At issue here is when Plaintiff received notice of the Air Force's Final Order. Defendant contends that Plaintiff received notice on March 6, 2013, when his former attorney received a copy of the Final Order. If this is the case, Plaintiff's Complaint would have been due by June 4, 2013.

The Supreme Court considered whether receipt by an attorney was "receipt" that started the time period to bring suit in *Irwin v. Department of Veterans Affairs*.[5] In *Irwin*, as here, the notice of agency action was sent to both the plaintiff and his attorney. The letter was delivered to his attorney's office on March 23, 1987, when the attorney was out of the country. The plaintiff claimed that he did not receive the letter until April 7, 1987, and that the attorney did not learn of the letter until he returned to his office on April 10, 1987. The plaintiff brought suit on May 6, 1987, "44 days after the EEOC notice was received at his attorney's office, but 29 days after the date on which he claimed he received the letter."[6]

---

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[4] 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.

[5] 498 U.S. 89 (1990).

[6] *Id.* at 91. The time period at issue in *Irwin* was thirty days as opposed to ninety.

The district court dismissed the plaintiff's suit as untimely. The Supreme Court affirmed. The Court held that while the statute required the notification letter be "received," it did not specify by whom. The Court rejected the plaintiff's argument "that the clock does not begin until the claimant himself has notice of his right to sue."[7] The Court noted that, "[u]nder our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney."[8] Thus, "[t]o read the term 'receipt' to mean only 'actual receipt by the claimant' would render the practice of notification through counsel a meaningless exercise."[9]

The Court also rejected the argument "that there is a material difference between receipt by an attorney and receipt by that attorney's office for purposes of § 2000e-16(c)."[10] Thus, the limitations period began on March 23, 1987, when notice was delivered to the plaintiff's attorney's office. This was true even though the attorney was out of the country at the time and did not see the notice until his return on April 10, 1987. The Court noted that "[t]he practical effect of a contrary rule would be to encourage factual disputes about when actual notice was received, and thereby create uncertainty in an area of the law where certainty is much to be desired."[11]

Plaintiff argues that *Irwin* is distinguishable from the instant case because *Irwin* was dependent on the existence of an attorney-client relationship. Plaintiff asserts that, by the time

---

[7] *Id.*

[8] *Id.* at 92 (citation and internal quotation marks omitted).

[9] *Id.* at 93.

[10] *Id.*

[11] *Id.*

4

the Final Order was issued, he had terminated his relationship with Mr. Marshall. As such, Plaintiff argues that Mr. Marshall's receipt of the Final Order should not be imputed to him.

Plaintiff's argument suffers from two defects. First, it is not at all clear that Plaintiff terminated his relationship with Mr. Marshall. It does not appear that Plaintiff ever directly informed Mr. Marshall that he was terminating their relationship. Rather, it appears that Plaintiff simply decided to stop communicating with Mr. Marshall and he assumed that Mr. Marshall perceived their relationship to be at an end.

Second, even if Plaintiff had terminated his relationship with Mr. Marshall, neither Plaintiff nor Mr. Marshall informed the EEOC or the Air Force of this termination. This fact is fatal to Plaintiff's claim.

The Tenth Circuit, in *Mosley v. Pena*,[12] addressed a similar circumstance. The plaintiff in that case argued that her former attorney did not receive the notice of final action until May 20, 1994, and the plaintiff filed her complaint ninety days later. However, the evidence showed that the plaintiff's former attorney had actually received the notice on May 16, 1994. Though not clear from the decision, it appears that the plaintiff argued that the notice received by her prior counsel should not be imputed to her. The Tenth Circuit disagreed, stating that "notice to an attorney is imputed to the client."[13] The court went on to state that "[b]ecause Mosely failed to notify the EEOC that she was no longer represented by counsel, notice to her former attorney is imputed to her."[14]

---

[12] 100 F.3d 1515 (10th Cir. 1996).

[13] *Id.* at 1518.

[14] *Id.*

Plaintiff seeks to distinguish *Mosely*, arguing that the plaintiff's claim in that case was time-barred even considering the date that the plaintiff received personal notice. Even if this is true, the Tenth Circuit did not rely on this fact in dismissing the plaintiff's claim. Rather, the court focused on the date that the plaintiff's attorney was provided notice. This is consistent with the Supreme Court's decision in *Irwin*.

Plaintiff also cites to *Coates v. Shalala*,[15] a case that the Tenth Circuit cited in *Mosely* as contradictory precedent. The facts of *Coates* are similar to the facts before the Court. The plaintiff in *Coates* was initially represented by counsel, but that representation had terminated by the time of the final agency action. Neither the plaintiff nor his attorney informed the EEOC of the termination of the attorney-client relationship. Notice of the final action was mailed to plaintiff and his former counsel. Counsel received the notice on July 26, 1994, and the plaintiff received the notice two days later. The plaintiff brought suit on October 26, 1994—90 days after he received notice, but 92 days after his former attorney received notice.

The court noted the holding of *Irwin*, which would normally impute notice if the agency action was served on the plaintiff's counsel. However, the court distinguished *Irwin* because the "plaintiff and his attorney were no longer in an attorney-client relationship."[16] Thus, the plaintiff's "former attorney did not have the authority to accept correspondence for nor act as his representative" and "delivery to [the plaintiff's] former attorney did not constitute notice to plaintiff."[17]

---

[15] 914 F. Supp. 110 (D. Md. 1996), *aff'd*, 133 F.3d 914, 1997 WL 786300 (4th Cir. 1997) (unpublished table decision).

[16] *Id.* at 112.

[17] *Id.*

The Court acknowledges the appeal of *Coates*, but the Court is bound by the Tenth Circuit's decision in *Mosely*. While not explicit, the Tenth Circuit evidently considered the rationale in *Coates* and rejected it. The Court must follow that decision.

Moreover, the rule set out in *Mosely* is consistent with *Irwin*. The Supreme Court rejected the requirement of actual notice in *Irwin* because it would "encourage factual disputes about when actual notice was received, and thereby create uncertainty in an area of the law where certainty is much to be desired."[18] Adoption of the rule advocated by Plaintiff in this case would create the same uncertainty. If the Court were to agree with Plaintiff's position, a party would be able to terminate their relationship with counsel without informing the relevant agency of that termination, only to use that undisclosed termination to create uncertainty about when notice was received. This is the difficulty the Court sought to avoid in *Irwin*. Therefore, as with the plaintiff in *Mosely*, the Court must conclude that because Plaintiff "failed to notify the EEOC that []he was no longer represented by counsel, notice to [his] former attorney is imputed to [him]."[19] Based upon the remaining undisputed facts, the Court finds that Plaintiff's suit is untimely.

Though not explicitly stated, Plaintiff appears to argue that the Court should apply the doctrine of equitable tolling. Plaintiff argues that "[i]mputing notice to Mr. Reynolds of Mr. Marshall's receipt of the Air Force Final Order creates a harsh result not warranted by either the evidence or controlling case law."[20]

---

[18] *Irwin*, 498 U.S. at 93.

[19] *Mosely*, 100 F.3d at 1518.

[20] Docket No. 20, at 10–11.

The time limit set out in 42 U.S.C. § 2000e-16(c) is subject to equitable tolling in certain circumstances.[21] The Supreme Court in *Irwin* noted that

> courts have typically extended relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.[22]

The Tenth Circuit has held

> that the time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of active deception sufficient to invoke the powers of equity. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.[23]

In this case, there are no facts to indicate that equitable tolling is appropriate. There is no evidence or allegation that the EEOC or the Air Force engaged in any active deception. Rather, the evidence shows that Plaintiff did indeed receive personal notice of the Final Order within the limitations period and there is nothing to suggest that Plaintiff could not have filed a timely claim. Therefore, the Court will decline to apply the doctrine of equitable tolling in these circumstances.

---

[21] *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984).

[22] *Irwin*, 498 U.S. at 95 (footnotes omitted).

[23] *Martinez*, 738 F.2d at 1110 (citation and internal quotation marks omitted).

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 17) is GRANTED.  The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff and close this case forthwith.

DATED this 27th day of October, 2014.

BY THE COURT:

Ted Stewart
United States District Judge